# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOUTHERN POLYMER, INC., | : | No. 3:08mc332 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| ASTRO PLASTICS, INC., | : | |
| Defendant | : | |

## MEMORANDUM

Before the court is plaintiff's motion to hold witness in contempt and for sanctions pursuant to Federal Rule of Civil Procedure 45(e). Having been fully briefed, the matter is ripe for disposition.

**Background**

This cases arises out of a default judgment secured by the plaintiff in the United States District Court for the Northern District of Georgia. Plaintiff had sought damages against Defendant Astro Plastics, Inc., for breach of contract, unjust enrichment, quantum meruit and accounted stated. Astro had failed to pay plaintiff for products the plaintiff had delivered. Astro did not respond to the complaint, and the court entered default judgment for the plaintiffs.

Plaintiff then discovered that some of Astro's assets had been sold or transferred to KNF Corporation. On September 29, 2008, plaintiff subpoenaed KNF and its President, Phillip J. Carcara for the production of documents and tangible

things related to the judgment in the Northern District of Georgia. Plaintiff served this subpoena on October 1, 2008. KNF and Carcara were required to respond to the subpoena by October 20, 2008.

When KNF and Carcara did not respond by that date, plaintiff filed an action in this court to compel production of documents, as well as a motion for an order to show cause why the witness should not be held in contempt. KNF and Carcara resisted the subpoena, filing a motion to quash. The court denied that motion and in an order on March 4, 2009, issued an order directing KNF and Carcara to supply the requested material on or before March 17, 2009. Plaintiffs contend that KNF and Carcara complied with this order in part on March 20, 2009, but that they did not supply all of the requested documents. Despite repeated requests from the plaintiffs, KNF and Carcara have not yet produced the material.

On April 10, 2009, plaintiff filed the instant motion, seeking sanctions against KNF and Carcara for failure to comply with their discovery request. They also seek attorney's fees for the action. KNF and Carcara responded to this motion only after the court directed them to. (Docs. 15, 16). On July 23, 2009, the court noted that plaintiff had not complied with the local rules in connection with the discovery dispute. The court ordered the plaintiff to file a statement explaining how the parties had attempted to resolve their discovery dispute. (Doc. 19). The court granted the parties' motion for an extension of time for submitting this statement on August 6, 2009. (Doc. 21). The plaintiff filed a statement on its good-faith efforts to resolve the

dispute (Doc. 22) on August 17, 2009, bringing the case to its present posture.

**Discussion**

Plaintiff argues that KNF and Carcara should be held in contempt of court for failing to produce the requested material.

Federal Rule of Civil Procedure 45(e) provides that "[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." FED R. CIV. P. 45(e). "The power of a court to punish for contempt is one of ancient lineage and extends back as far as medieval times. Although specifically conferred by the Judiciary Act of 1789, the power was viewed by courts as one inherent in their role as judicial entities. Waste Conversion, Inc. v. Rollins Environmental Services, Inc., 893 F.2d 605, 607 (3d Cir. 1990). Still a court's "exercise of the authority must be restrained by the principle that 'only the least possible power adequate to the end proposed should be used in contempt cases.'" Id. at 608.

The dispute here is apparently over the production of four categories of discovery material: 1) emails sent or received by Joe Stelmack [who controlled Astro] stored on a server that KNF purchased from Astro; 2) Bylaws for KNF; 3) Minutes of Board Meetings and Corporate resolutions related to the transactions with Astro, Stelmack and Capital Equipment, LLC; and 4) a list of employees of KNF. The documents produced by Southern Polymer in connection with the instant motion indicate that KNF has supplied the last three of these items, though the company

3

continues to object to their production. (See e-mail from Rich L. Switzer to Richard J. Cromer, August 14, 2009 (Exh. G) to Doc. 22). KNF insists that it did not purchase or use Astro's computer, that the item was not listed on the bill of sale from Astro or Capital Equipment, that Stelmack retained the computer when other property was transferred to KNF and that Stelmack has produced the e-mails that are the subject of the subpoena to Southern Polymer. (Id.). KNF has also produced e-mail communications with Stelmack until the point of the sale of Astro to KNF. (Id.).

The court will deny the motion for sanctions, as KNF appears to have complied with the court's order to provide material in its possession and no grounds for finding KNF in contempt therefore exist. Though it initially resisted Southern Polymer's efforts, KNF represents that it has turned over all material in its possession as ordered by the court. The only remaining dispute is over e-mails contained on a computer allegedly in KNF's possession. KNF insists that it does not have this material, even though Stelmack's deposition testimony indicates that the server was provided to KNF as part of the sale. (See Deposition of Joseph Stelmack, at 41-43, attached as Exh. 2 to Doc. 7). The court will accept KNF's representations that it does not possess the server and the emails Southern Polymer seeks. Stelmack may have been mistaken about what KNF actually received and about the material contained in the server. Of course, KNF has a continuing obligation to provide the requested material if it discovers the material in its

possession. Failure to provide material that the court has ordered should be turned over will in the future be grounds for contempt sanctions.

**Conclusion**

For the reasons stated above, the court will deny Southern Polymer's motion for sanctions. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOUTHERN POLYMER, INC., | : | No. 3:08mc332 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| ASTRO PLASTICS, INC., | : | |
| Defendant | : | |

## ORDER

**AND NOW**, to wit, this 8th day of February 2010, the plaintiff's motion for sanctions (Doc. 13) is hereby **DENIED**.

                                                    **BY THE COURT:**

                                                    **s/ James M. Munley**
                                                    **JUDGE JAMES M. MUNLEY**
                                                    **UNITED STATES DISTRICT COURT**